DISCIPLINARY PROCEEDINGS
liPER CURIAM *
Respondent, Edward A. Armstrong, Jr., an attorney licensed to practice law in the State of Louisiana, was retained by Emma L. Williams, a resident of Florida, to represent her in a personal injury action. During the course of his representation, respondent secured a settlement in the amount of $102,000, with $45,000 of the settlement being represented by future structured payments to be paid directly to Williams and the remaining $57,000 being paid in cash at the time of execution of the settlement documents. Upon endorsement of the $57,000 settlement draft, respondent paid Williams the sum of $10,000. Although respondent retained $47,-000 of the settlement funds for payment of Williams’ outstanding medical expenses, he failed to. disburse the funds to the medical health care providers, despite repeated requests.
On March 14, 1996, the Office of Disciplinary Counsel filed one count of formal charges against respondent, alleging respondent failed to act with due diligence in representing a client in violation of Rule 1.3, failed to provide an accounting and commingled client funds in violation of Rules 1.5 and 1.15(a), failed to properly remit funds in which a third person has an interest in violation of Rule 1.15(b). Disciplinary counsel further alleged that respondent’s conduct involved dishonesty, fraud, deceit or misrepresentation in violation of Rules 8.4(a) and (c).
On April 3, 1996, respondent filed an answer to the formal charges. Although he admitted he commingled the settlement funds with his own funds, he asserted his conduct was not intentional, fraudulent or deceitful. He further alleged that because of permanent physical and mental infirmities, which rendered him unable to maintain employment since March 1992, he was not able to determine whether he ever paid the medical expenses or provided an accounting to Williams.
On June 5, 1996, respondent tendered a Motion for Consent Discipline and Petition to |2Transfer to Disability Inactive Status admitting he unintentionally converted his client’s funds. However, he asserted his misconduct resulted from the gross neglect of his personal and business affairs due to his alcohol abuse. Respondent stated he was hospitalized for several months for chronic alcohol dependence and heart failure, and, although his condition has permitted him to return to his residence, he asserted he presently remains totally disabled. Respondent further maintained he has remained entirely sober since November 2, 1993, during which time he has refrained from the practice of law. As a proposed consent discipline, respondent requested that he be transferred to disability inactive status in accordance with Rule XIX, § 20 & § 22 for a period of no less than 36 months. He further agreed to execute a confession of judgment in favor of Williams for the full amount of the medical expenses identified in the formal charges and to make a good faith effort at full restitution during his inactive status.
On June 14, 1996, disciplinary counsel concurred in the motion for consent discipline and petition to transfer to disability inactive status. The hearing committee and disciplinary board approved the proposed consent discipline; however, they were concerned the respondent would disregard the proposed term for the transfer and petition for readmission prior to the expiration of the 36 months in accordance with Rule XIX, § 22E(2).[1] Therefore, the hearing commit *727 tee and disciplinary board in their recommendations conditioned their approval to the consent discipline with the express reservation that the disciplinary proceedings be reopened should respondent petition for readmission prior to the expiration of the proposed 36 months of inactive status. The board deviated from the recommendation of the committee in that the board further recommended respondent be assessed with all costs of the proceedings.
Upon review of the record of the disciplinary board’s findings and recommendations, and the record filed herein, it is the decision of the court that the disciplinary board’s recommendations be adopted in its entirety.
Accordingly, it is ordered that respondent be transferred to disability inactive status with the following conditions:
1. Respondent consents to confess judgment in favor of Emma L. Williams in the full amount of all medical expenses identified in the formal charges;
_Jj2. Respondent agrees to make a good faith effort at full restitution to Emma L. Williams during the period of his disability inactive status; and
3. Respondent agrees not to apply for reinstatement from disability inactive status after a period of not less than 36 months from the rendering of this court’s order. A violation of this condition will result in the disciplinary proceedings being reopened by disciplinary counsel.
It is further ordered that respondent be assessed with all costs of these proceedings.

 Knoll, J. not on panel. Supreme Court Rule IV, Part 2, § 3.

. Rule XIX, § 22E(2) provides “[a]ny respondent transferred to disability inactive status shall be *727 entitled to petition for transfer to active status once a year, or at whatever shorter intervals the court may direct in the order of transferring the respondent to disability inactive status or any modifications thereof.” (emphasis added).